**SUMMUM, a corporate sole and church Plaintiff,**

v.

**DUCHESNE CITY, et al. Defendants.**

**No. 2:03CV1049.**

United States District Court, D. Utah, Central Division.

Oct. 18, 2004.

Brian M. Barnard, Esq., Utah Legal Clinic, Salt Lake City, UT, for Plaintiff.

Cindy Barton–Coombs, Esq., Roosevelt, MI, Edward L. White III, Esq., Thomas More Law Center, Ann Arbor, MI, Francis J. Manion, Esq., American Center for Law and Justice, New Hope, KY, for Defendants.

**OPINION AND ORDER**

BENSON, Chief Judge.

## BACKGROUND

In 1979, the Cole family of Duchesne County, Utah donated a Ten Command-

ments stone monolith to Duchesne City.[1] The donation was made in the name and memory of Irvin Cole, a long time resident of the community. The City placed the monolith on a $10' \times 11'$ plot of land in Roy Park (a city park located in the center of the City) where it remained undisturbed for approximately twenty-five years. The Ten Commandments monolith has now become the object of this dispute.

In 2003, the monolith caught the attention of the American Civil Liberties Union, who complained to City officials that the Ten Commandments' presence in the City park was a violation of the U.S. Constitution. In a letter sent to the City the ACLU stated that if the monolith was not removed from City property a lawsuit against the City would be filed.

In response, on August 15, 2003, the City transferred the plot of land containing the monolith to the Duchesne City Lion's Club.[2] The quit claim deed, which memorialized the transfer, noted the Lion's Club's previous, current and future services to the community as consideration for the land transfer. Although this development seems to have pacified the ACLU, it had the opposite effect on Summum, the plaintiff here. Three weeks after the land transfer, on September 9, 2003, Summum[3] sent a letter to Duchesne City requesting a similar plot of land as that transferred to the Lion's Club. Summum desired to place

its own monument containing its seven aphorisms next to the Ten Commandments monolith, claiming its monument would be similar in size and appearance. On October 4, 2003, and October 23, 2003, Summum sent additional letters to the City, each requesting that it receive a plot of land in Roy Park similar to that transferred to the Lion's Club, and that Summum be given the same treatment as the Cole Family and be allowed to erect its monument on city property in Roy Park.

On October 27, 2003, the City responded by letter to Summum's requests. In its response the City made it clear that it would not transfer land to Summum nor would it allow Summum to erect its monument in Roy Park unless and until Summum donated equal amounts of time and service to Duchesne City equivalent to that given by the Cole Family and the Lion's Club.[4] Upon receiving the City's response, Summum filed suit on November 26, 2003, alleging violations of its First Amendment Free Speech rights and its Free Speech rights pursuant to Article I, Section 15 of the Utah Constitution. Summum also alleged a violation of the state of Utah's Establishment Clause pursuant to Article I, Section 4 of the Utah Constitution.

Shortly after filing its Complaint, Summum made a Motion for a Temporary Restraining Order and Preliminary Injunction requesting the Court to enjoin the

---

1. Duchesne City is a small Utah community situated in the northeast quadrant of the State of Utah with a population of less than 2,000 residents

2. The land transfer, which will be discussed in detail below, consisted of Mayor Clinton Park transferring the parcel of land to the Lion's Club in a private transaction using a Quit Claim Deed. Mayor Park is also the president of the Lion's Club.

3. Summum is a church. Summum claims to have 250,000 members worldwide, and is headquartered in Salt Lake City, Utah, where

its founder and leader, Summum Bonum Amen Ra, resides.

4. Prior to the Fall of 2003, Summum had not established any ties to Duchesne City. There are no members of the Summum religion that reside in Duchesne City, there are no places of worship nor are there any current efforts by Summum to proselytize in Duchesne City. It appears to be by sheer happenstance that Summum became aware of the Ten Commandments monolith in Roy Park. Summum Bonum Amen Ra claims he discovered it as he passed through Duchesne City on his way to visit a friend's cabin.

City from giving a preference to the Cole Family and the Lion's Club to present their private viewpoints in a public forum. Both Summum and the City moved for summary judgment. The Court held a hearing on the parties' motions on January 8, 2004, at which time the Court took the motions under advisement. The Court then held a status conference on February 4, 2004, at which the Court requested supplemental briefing on, among other issues, the constitutional ramifications of allowing Summum's religious monument on public property; the ability of the Lion's Club to own real property; and, assuming the land transfer to the Lion's Club was invalid, the constitutionality of allowing the City to invalidate the land transfer to the Lion's Club and then resell the parcel of land at public auction on the condition that the purchaser place a visible barrier of demarcation and signage on the land to distinguish between public and private land.

After receiving the supplemental briefing, the Court held a status conference on May 26, 2004, at which time the Court took the supplemental briefing and all other additional motions filed by the parties under advisement. The Court also encouraged the parties to engage in settlement discussions and set July 4, 2004 as a deadline for settlement discussions. On July 4, both parties submitted a notice to the Court outlining the actions taken in an effort to settle the dispute. The City's notification alerted the Court to the fact that it had nullified the land transaction made with the Lion's Club and had then passed numerous ordinances in an attempt to remove itself from providing a limited public forum for private speech. The City first passed ordinance 04–2, which covers

the disposition of city owned real property. The City then passed ordinance 04–4 in which the city council voted unanimously to vacate and sell the portion of land in Roy Park on which the Ten Commandment monolith sits and also to permanently close Roy Park as a forum for private displays. Finally, the City passed ordinance 04–3 which authorized Mayor Clinton Park to execute a quit claim deed covering the parcel of land containing the Ten Commandments monolith in favor of Rae Donna Jones, Lou Ann Larson, Ro Jean Rowley, the daughters of Irvin Cole. Accordingly, on July 13, 2004, the City sold the property to Ms. Jones, Ms. Larson and Ms. Rowley, for the fair market value of $250.00, based on an appraisal conducted by Duchesne County. The sisters are currently in the process of placing a fence around the parcel of land along with a sign to demarcate the boundary between public and private land.[5]

Though the conditions and facts surrounding the Ten Commandments monolith have been modified, the parties have yet to reach a settlement. Summum maintains the position that the current arrangement remains in violation of the First Amendment's Free Speech Clause, while the City contends that the recent ownership change to the parcel of land in Roy Park cures all constitutional infirmities and makes this matter moot. The Court having considered the parties' arguments issues the following Opinion and Order.

## ANALYSIS

During the latter half of the 20th Century many towns and cities in the United States accepted donations displaying the Ten Commandments.[6] These monuments

---

**5.** According to the City's counsel at oral arguments before the Court on September 15, 2004, the plans for the property call for an ornamental wrought iron fence approximately 4 feet in height with a permanent sign stating that the property is the private property of the

Cole family, and is not owned or maintained by Duchesne City.

**6.** *City of Elkhart v. Books,* 532 U.S. 1058, 121 S.Ct. 2209, 149 L.Ed.2d 1036 (2001); *ACLU Nebraska Foundation v. City of Plattsmouth,*

were often placed by the municipalities in city parks and near courthouses.

The acceptance of these gifts and their display appears to have been generally accepted, at least without legal challenge at the time of the donations. Over time, however, numerous lawsuits challenging the displays were filed, complaining that the displays violate the Establishment Clause of the First Amendment to the United States Constitution.[7] The outcome of these Establishment Clause challenges varied from court to court and circuit to circuit.[8] In the Tenth Circuit Court of Appeals the issue was raised in *Anderson v. Salt Lake City Corp.*, 475 F.2d 29 (10th

Cir.1973), a case that involved the donation in 1972 of a Ten Commandments monument by the Fraternal Order of the Eagles to Salt Lake City, Utah. The City accepted the donation and chose to place the monument near the front steps of the City courthouse. In its defense to the lawsuit, the City emphasized its view that the Ten Commandments represented the foundation of the laws of the United States and the State of Utah, and for that reason they had secular significance separate and apart from any religious connotations. The Tenth Circuit agreed, finding that the predominant feature of the Ten Commandments was not religious in nature, and therefore the display did not violate the Establishment Clause of the Constitution.[9]

*Nebraska*, 358 F.3d 1020 (8th Cir.2004); *Van Orden v. Perry*, 351 F.3d 173, (5th Cir.2003) *Adland v. Russ*, 307 F.3d 471 (6th Cir.2002); *Indiana Civil Liberties Union v. O'Bannon*, 259 F.3d 766 (7th Cir.2001); *Summum v. City of Ogden*, 297 F.3d 995 (10th Cir.2002); *Freedom From Religion Foundation, Inc. v. Zielke*, 845 F.2d 1463, (7th Cir.1988); and *Anderson v. Salt Lake City Corp.*, 475 F.2d 29 (10th Cir.1973)

7. *City of Elkhart v. Books*, 532 U.S. 1058, 121 S.Ct. 2209, 149 L.Ed.2d 1036 (2001); *ACLU Nebraska Foundation v. City of Plattsmouth, Nebraska*, 358 F.3d 1020 (8th Cir.2004); *Van Orden v. Perry*, 351 F.3d 173, (5th Cir.2003) *Adland v. Russ*, 307 F.3d 471 (6th Cir.2002); *Indiana Civil Liberties Union v. O'Bannon*, 259 F.3d 766 (7th Cir.2001); *Summum v. City of Ogden*, 297 F.3d 995 (10th Cir.2002); *Freedom From Religion Foundation, Inc. v. Zielke*, 845 F.2d 1463, (7th Cir.1988); and *Anderson v. Salt Lake City Corp.*, 475 F.2d 29 (10th Cir.1973)

8. The United States Supreme Court has not directly addressed the issue. However, in *City of Elkhart*, an Establishment Clause case, Justice Rehnquist joined by Justices Scalia and Thomas made the following observation regarding the secularity of Ten Commandment displays in his dissenting opinion:

> [W]e have never determined .... that the Commandments lack a secular application. To be sure, the Ten Commandments are a "sacred text in the Jewish and Christian faiths," concerning, in part, "the religious

duties of believers." (citations omitted) Undeniably, however, the Commandments have secular significance as well, because they have made a substantial contribution to our secular legal codes.... "[t]he text of the Ten Commandments no doubt has played a role in the secular development of our society and can no doubt be presented by the government as playing such a role in our civic order." *City of Elkhart*, 121 S.Ct. at 2211 (citations omitted).

9. In making its determination the Tenth Circuit focused on the secular aspect of the Ten Commandments stating:

> An ecclesiastical background does not necessarily mean that the Decalogue is primarily religious in character-it also has substantial secular attributes.... [t]he Decalogue is at once religious and secular, as, indeed, one would expect, considering the role of religion in our traditions. After all, '[w]e are a religious people whose institutions presuppose a Supreme Being.' *Zorach v. Clauson*, 343 U.S. 306, 313, 72 S.Ct. 679, 96 L.Ed. 954 (1952). *Anderson*, 475 F.2d at 33

After recognizing the secular nature of the Ten Commandments the Tenth Circuit determined that the monument was no more than a depiction of a historically important event with both secular and sectarian effects leading to the holding that the monument is "primarily secular, and not religious in character; that neither its purpose or effect tends to establish religious belief." *Id* at 33.

The Nineteen Nineties saw the emergence of a different legal challenge to Salt Lake City's Ten Commandments display, based not on the Establishment Clause of the First Amendment but rather on the Free Speech Clause of the same amendment. In *Summum v. Callaghan*, the same plaintiff as in the instant case contended that by accepting the Ten Commandments monument and displaying it on the grounds of the courthouse, the city was permitting one actor to display its private speech, and because the city was not willing to allow the plaintiff to similarly display its religious views near the courthouse steps, the plaintiff's free speech rights were being violated. *Summum v. Callaghan*, 130 F.3d 906 (10th Cir.1997). The Tenth Circuit agreed, holding that the city had created a "limited public forum" and that the city was required to allow other private citizens to display their views there. Faced with this situation, the city removed the Ten Commandments monument entirely, and chose to close the area to any displays. Once the city removed the monument the case was not pursued further, and the action was dismissed.

Generally following this same rationale, although with a slightly different legal analysis, five years later the Tenth Circuit also found that the City of Ogden, Utah was similarly in violation of Summum's free speech rights in *Summum v. City of Ogden*, 297 F.3d 995 (10th Cir.2002).[10]

In the present case, Summum has challenged the Ten Commandments monument in Duchesne City, again basing its claim on the Free Speech Clause. As outlined above, before commencing suit Summum sought, and was denied, permission from Duchesne City to erect its own monument in Roy Park. Unlike Salt Lake City, and Ogden, and perhaps learning from their examples, Duchesne City did not respond to Summum's suit (or the threat of suit by the ACLU immediately preceding Summum's requests) by defending its right to display the Ten Commandments monument on city property or to defend its right to have had it there in the past. Rather, the City immediately took steps to disassociate itself from the property and from the display of private expression. From the beginning of this case the City has never attempted to defend its prior actions, but it has instead attempted to properly rid itself of any association with the sponsorship of that particular expression, and to get out of the business of opening up city property to private speech by private actors.

The City's first attempt in this regard was to convey the plot of land upon which the Ten Commandments monument sits to the Duchesne Lion's Club. The city council passed a resolution to this effect in August of 2003, thereby transferring the property pursuant to a Quit Claim Deed which was presented to the Lion's Club in recognition of the Club's many years of service and support to the City. Summum resisted this attempt on the City's part as a proper resolution of this case, contending that the "sale" was not arms-length, that it lacked legal consideration, and that it did not sufficiently remove the City's endorsement

---

**10.** There, Ogden City maintained a Ten Commandments monument on the grounds of the Municipal Building. The monument was donated to the city in 1966 by the Fraternal Order of Eagles. Summum proposed that the city allow it to erect a similar monument. The City rejected Summum's proposal, which led to Summum filing a § 1983 complaint alleging violations of the First Amendment.

The Tenth Circuit held that Ogden City violated Summum's First Amendment rights by rejecting Summum's monument while displaying the Ten Commandments. The Tenth Circuit's holding prompted Ogden City to move the monument to privately owned land and to close the Municipal Building grounds to any private displays. This action by the city ended the controversy.

of and involvement with the monument. It was noted by the plaintiff that there were no efforts to put up signs or other notices that would clearly state the property was no longer owned or controlled by the City.

The Court also expressed reservations about this so-called "sale" to the Lion's Club as an adequate resolution of the case, in part because the transaction appeared to lack adequate consideration and to be less than an arms-length transaction. The City's mayor was also the president of the Lion's Club, and there were virtually no efforts, such as signs, notices, or fences, to notify those who saw the monument that it was not on private property and was not sponsored by or associated with Duchesne City. Recognizing the possibility of a settlement between the parties, and in particular the City's apparent remaining desire to find an appropriate way to cease engaging in the type of free speech activity found in *Callaghan* and *City of Ogden,* the Court encouraged the parties to consider other ways of resolving the case.

Thereafter, in another effort to distance itself from the monument, the City undid the sale to the Lion's Club and instead sold the property to Rae Donna Jones, Lou Ann Larson, and Ro Jean Rowley. These women are the daughters of Irvin Cole, in whose name the Ten Commandments was originally donated to the City in 1979. According to the City, the sales price of $250.00 reflects a fair market value appraisal of the property. The transaction also includes the erection of a fence around the property and signage which states that the property is the private property of the Cole family and is not owned by Duchesne City and that the City has nothing to do with the property or anything expressed on the property by its private owners. It is also clear the Cole daughters are free to do whatever they choose with the property, including removal of the monument.

The City's latest action is similar to a proposal advanced by the Seventh Circuit Court of Appeals in *Freedom from Religion Foundation, Inc. v. City of Marshfield,* 203 F.3d 487 (7th Cir.2000). There a local group sought injunctive relief against the City of Marshfield, Wisconsin, because the city maintained a statue of Christ in a city park. To get out of the display business, the city sold the parcel of land containing the statute to the Henry Praschak Memorial Fund, Inc., for $21,560.00 ($3.30 a square foot).[11] The sale complied with all Wisconsin statutory requirements for the disposition of real property.

In resolving the case, the Seventh Circuit determined that the city's sale of its property containing the statue was not government action endorsing religion and was a reasonable method of removing itself from promoting religious speech. However, the Seventh Circuit determined that the city failed to sufficiently remove itself from the perception that the statue was still part of a public forum and therefore found a violation of the Establishment Clause.[12] The Seventh Circuit went on, however, to suggest an alternative to the City of Marshfield to eliminate the Establishment Clause problem stating:

**11.** The sale complied with all Wisconsin statutory requirements and the amount received was the highest price per square foot that the City has received for a sale of its land

**12.** The language used by the 7th Circuit is as follows:

The sale transferred the statue from City ownership to private ownership, and the Fund, a purely private entity, is responsible for any expression inferred from the statue. Had the sale of the property been conducted in such a manner as to remove the impression that the statue remained part of the public forum, there would be no question that the city ended its Establishment Clause troubles. *City of Marshfield,* 203 F.3d at 496.

should the City (on City property) construct some defining structure, such as a permanent gated fence or wall, to separate City property from Fund property accompanied by a clearly visible disclaimer, on City property,(citations omitted) we doubt that a reasonable person would confuse speech made on Fund property with expressive endorsement made by the City. *City of Marshfield,* 203 F.3d at 490

Summum contends this latest effort by the City is not an adequate resolution of this lawsuit. Summum insists on being allowed its own plot of city property upon the same terms as were provided to the Ten Commandments monument donated by the Cole Family. Anything less than this remedy is not satisfactory to Summum.[13]

Considering all of the circumstances, including the lengthy history of the monument in this case, this Court agrees generally with the reasoning of the Seventh Circuit in *City of Marshfield* and finds that Duchesne City's recent efforts to disassociate itself from further involvement with the Ten Commandments monument are sufficient, with the exception of money damages to which Summum may be entitled, to render moot the present action. Duchesne City has undertaken adequate actions to make it clear that the monument sits on property that is neither owned nor controlled by the city, and that nothing on the property is in any way endorsed by or associated with Duchesne City. No reasonable person upon visiting the area could believe the city is presently sponsoring whatever expression is reflected on the

plot owned by the Cole daughters. Indeed, the decision whether to continue to keep the monument on the property is solely within the discretion of the women who now own the property. They are free to use their property as they desire.

The Court's decision is based not on a determination that the City's actions necessarily constitute the *best* possible solution to the problem (opinions on what is "best" will in any event vary depending on one's point of view), but on whether it is a constitutionally *adequate* method for the City to disassociate itself from any present sponsorship of free speech activity.

There are no perfect solutions in a case of this nature with its unique history and its unique facts. It is obviously impossible for the City to undo its past involvement with the monument. For the majority of the past 25–plus years, the City apparently felt that it had properly (legally) accepted a gift from a long-term resident family and properly displayed the gift in Roy Park without violating any laws. As noted above, in 1979 it became the clearly established law in this circuit that Salt Lake City's display of a similar Ten Commandments monument did not violate the Establishment Clause. When confronted with the present lawsuit in 2004, as explained above, the City chose not to defend its prior actions, but rather to disassociate itself from them. Under all of the circumstances the method the City recently undertook is reasonable. Summum's demands for a different resolution are not warranted. It is not necessary for the City to do more than it has done to appro-

---

13. Summum's argument is as follows:
    Summum desires equal access to the forum. Summum seeks to be treated like the Coles were before 2003, like the Lion's Club was in 2003 and 2004, and now as the Cole heirs are being treated. Defendant's maneuvering does not support free speech, the exercise of religion, nor a constitutional dis-

play of religious monuments. Rather, defendants simply support the permanent display of only one set of religious ideals in a location especially created for that unconstitutional purpose. Plaintiffs Response to Defendant's Notice of "Changed Circumstances," pgs. 5–6.

priately remove itself from improperly sponsoring the Ten Commandments as someone else's private speech. The City has effectively communicated to the public that it is not sponsoring the speech and has turned the matter entirely over to private actors. Complete dismantling or removal of the monument, as occurred in Salt Lake City, although also a sufficient solution, is neither required nor requested by plaintiff. Indeed, even complete removal of the monument may not satisfy this plaintiff, or any other similarly situated plaintiff. It is not beyond the realm of possibility that a plaintiff may insist that to make things right in these circumstances the plaintiff must be allowed to a) have the city accept the plaintiff's donation, b) install it in Roy Park, Duchesne City, c) for 29 years, and d) at the end of that period, sell the plot of land to the plaintiff for fair market value, and e) then allow the plaintiff to do whatever it wants with the land and the monument. Or another plaintiff may demand something entirely different, such as removal of the present monument, and the installation of its own monument in the city park with permission to remain there for 29 years, at the conclusion of which the plaintiff's monument would be likewise removed and destroyed. Another plaintiff may not be content with any of these possibilities.

Summum's request for its own monument to be displayed in Roy Park, either on city-owned land, or public property sold to it, would only perpetuate the City's entanglement with the sponsorship of private expression activities of private parties as defined in *Callaghan* and *City of Ogden.* Any solution of that nature would open the door to another display and then another, and so on, until the city park looks like a NASCAR driver at the Brickyard 400.

Based on the Court's finding that the City's actions in removing itself from sponsorship of the Ten Commandments monu-

ment are adequate to remove the City from further sponsorship of private expression, the Court denies to plaintiff the specific injunction remedy it seeks. Plaintiff's Motion for Summary Judgment is DENIED. Defendant's Motion for Summary Judgment is GRANTED.

The only remaining issues are plaintiff's claims for money damages and attorneys fees.

IT IS SO ORDERED.