**Chad EVANS, Plaintiff,**

v.

**Melvin ALLEN, et al., Defendants.**

**No. 97 C 744.**

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 24, 1997.

---

**1104**

Chad Evans, Canton, IL, pro se.

Richard J. Siegel, Attorney General's Office, Chicago, IL, Susan Takata O'Leary, Illinois Dept. of Corrections, Chicago, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

Before the court is defendants Melvin Allen and Bradley Hunt's motion to dismiss plaintiff Chad Evans' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the court grants Allen and Hunt's motion to dismiss.

## I. BACKGROUND

Plaintiff Chad Evans ("Evans") alleges the following facts which, for the purposes of this motion, are taken as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). On May 4, 1995, Evans was an inmate at Stateville Correctional Center ("Stateville"). On that day, four lieutenants and Officer Bradley Hunt ("Officer Hunt" or "Hunt") conducted a shakedown of Evans' cell. No contraband was found in Evans' cell. Evans was then placed back in his cell. The officers then conducted a shakedown of the hallway ceiling. The officers found a number of dangerous contraband items

On May 7, 1996, Evans was given a disciplinary ticket for the contraband items. He was given this ticket because Officer Hunt lied and said that the contraband items were found in Evans' cell. On May 8, 1990, Melvin Allen ("Allen") of the Adjustment Committee came to see Evans. Evans told Allen his side of the story and requested that several witnesses be called. Evans' witnesses could have testified that the contraband items were not found in Evans' cell. Allen refused to call the witnesses; rather, he recorded that Evans had not asked for witnesses. Allen then found that the violation occurred and gave Evans one year of segregation, a demotion to "C" grade for one year, and revocation of one year good time credit.[1]

In response, Evans sought relief under the grievance procedure provided at Stateville. Evans filed three grievances. He received no response from the first two. In response to the third grievance, Evans was given a new hearing. At this new hearing, Evans' witnesses were called and his ticket was dismissed. Despite the fact that his ticket was dismissed, Evans still suffered the following results from the incident: (1) he spent 218 days in segregation; (2) he missed a transfer to Illinois River Correctional Center; (3) he

---

1. This fact is the court's interpretation of the following statement in Evans' complaint: "Mr. Allen just found me guilty given me a year seg, year C-grade—year good time." (Compl. at 5.)

was forced to go to visits in cuffs and chains; (4) he was put with the general population even though he was listed on protective custody; (5) he was placed on a gallery with no one of the same race as him; (6) he was subjected to racial abuse and physical abuse; and (7) he suffered mental stress that forced him to attempt suicide.

Based on the above events, Evans filed a pro se complaint against defendants Allen and Hunt, alleging that defendants' actions violated his constitutional rights in violation of 42 U.S.C. § 1983. In his complaint, Evans requests the following relief. First, he requests $200 for each of the 218 days he spent in segregation. Second, he asks for $50,000 for his mental and emotional injuries and $50,000 for the abuse he was put through. Third, he asks to be transferred to Illinois River Correctional Center as soon as possible. Finally, he asks the court to prohibit any officers or other workers at Stateville from retaliating against him.

Defendants Allen and Hunt have filed this motion to dismiss Evans' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Initially, Evans was given until August 28, 1997, to respond to defendants' motion. The court extended that date *sua sponte* until October 3, 1997, and instructed Evans that failure to respond might result in dismissal. Instead of a response, Evans sent a letter dated October 1, 1997, to the clerk's office stating, among other things, that he did not know to what motion he was to respond. Because the court, for the reasons stated below, is dismissing Evans' complaint without prejudice and giving him leave to amend, the court ruled on defendants' motion without the benefit of Evans' views. In doing so, the court was careful to give Evans' complaint fair and meaningful consideration. *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555–59 (7th Cir.1996).

## II. DISCUSSION

### A. Standard for deciding a 12(b)(6) motion to dismiss

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.

*Cromley v. Board of Educ. of Lockport*, 699 F.Supp. 1283, 1285 (N.D.Ill.1988). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED. R. CIV. P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, however, a complaint must include either direct or inferential allegations respecting all material elements of the claims asserted. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991); *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir.1985); *Sutliff, Inc. v. Donovan Co.*, 727 F.2d 648, 654 (7th Cir.1984). Bare legal conclusions attached to narrated facts will not suffice. *Strauss*, 760 F.2d at 768; *Sutliff*, 727 F.2d at 654. Finally, when reviewing pro se complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Donald*, 95 F.3d at 555.

### B. Exhaustion of administrative remedies

█ Defendants first argue that Evans' complaint is barred because Evans failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). An action "with respect to prison conditions" is defined to include "any civil proceeding under Federal law with respect to ... the effects of actions by government officials on the lives of per-

sons confined in prison." 18 U.S.C. § 3626(g)(2); *Martin v. Eneix,* 97 C 578, 1997 WL 55961, at *1 (N.D.Ill. Feb.3, 1997).

In his complaint, Evans alleges that he had used the prisoner grievance procedure to seek relief and that he had filed three grievances. Evans also alleges that in response to the third grievance, he received a new hearing pursuant to which his ticket was dismissed. It is true, as defendants note, that the complaint does not specifically state that Evans exhausted the full grievance procedures available to him. However, construing the complaint's allegations in the light most favorable to Evans, the court finds that Evans has alleged sufficient facts to show that he used Stateville's grievance system and that he may be able to prove that he exhausted Stateville's grievance procedures. *See Graves v. DeTella,* 96 C 6540, 1997 WL 305308, at *3 (N.D.Ill. May 30, 1997),

For the above reasons, it is inappropriate to grant defendants' motion to dismiss on the grounds that Evans failed to allege exhaustion sufficiently. However, for the reasons below, the court is dismissing Evans' complaint for failure to state a claim and giving Evans leave to amend. Therefore, the court orders that if Evans elects to file an amended complaint, Evans must specifically allege that he has fully and completely exhausted the administrative remedies available to him pursuant to section 1997e(a). If Evans fails to make this allegation in his amended complaint, the court will determine that Evans has not exhausted his administrative remedies pursuant to § 1997e(a).

#### C. *Section 1983 claim*

Defendants contend that Evans has failed to allege facts sufficient to state a cause of action under 42 U.S.C. § 1983. To state a claim under section 1983, the plaintiff must allege that (1) the defendant deprived the plaintiff of a right protected by the Constitution or the laws of the United States and (2) the defendant acted under color of state law. *Parratt v. Taylor,* 451 U.S. 527, 531–35, 101 S.Ct. 1908, 1910–13, 68 L.Ed.2d 420 (1981); *Wright v. Associated Ins. Cos. Inc.,* 29 F.3d

1244, 1249 (7th Cir.1994). Without a violation of a federal right, the plaintiff cannot prevail on his claim under section 1983. *Graham v. Connor,* 490 U.S. 386, 393, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (explaining that section 1983 "is not itself a source of substantive rights").

The threshold inquiry in this case is whether Evans has alleged that he was deprived of a federal right. Although he has made various allegations about wrongs that were committed against him, Evans has not stated which of his federal rights he believes defendants violated. Examining the complaint in whole, the court finds that Evans intended to bring a claim against defendants Allen and Hunt for violation of his Fourteenth Amendment right to due process. The court also finds that the allegations of Evans' complaint do not invoke the First Amendment, Eighth Amendment, or Equal Protection Clause of the Fourteenth Amendment. *See Sandin v. Conner,* 515 U.S. 472, 487 n.11, 115 S.Ct. 2293, 2302 n.11, 132 L.Ed.2d 418 (1995).

The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Thus, in order to state a section 1983 claim for violation of the Fourteenth Amendment Due Process Clause, Evans must allege that (1) he had a protected life, liberty or property interest; (2) he was deprived of that interest without due process of law; and (3) the deprivation was committed by a person acting under color of state law. *See Parratt,* 451 U.S. at 531–35, 101 S.Ct. at 1910–13.[2]

#### 1. Whether Evans was deprived of a liberty interest

■ Evans has not alleged that he was deprived of either life or property; rather, the gist of Evans' allegations is that he was deprived of a protected liberty interest. Therefore, the court must first determine whether Evans' allegations establish that he

**2.** For the reasons below, the court is dismissing Evans' complaint and giving him leave to file an attended complaint. If Evans intended to state a claim for a violation of another federal right, Evans must either provide a citation or describe in sufficient detail what other federal right he believes defendants violated.

was deprived of any protected liberty interest.

■ Evans alleges that as a result of defendants' conduct, Evans spent 218 days in segregation. In order for an inmate's placement into segregation to constitute deprivation of a protected liberty interest, placement into segregation must impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "work a major disruption in his environment." *Sandin,* 515 U.S. at 484, 115 S.Ct. at 2301; *see Bryan v. Duckworth,* 88 F.3d 431, 433 (7th Cir.1996). To determine whether placement into segregation worked an atypical and significant hardship on the inmate, the court must compare the conditions of segregation to the conditions on the prison's general population and balance the difference in the conditions against the amount of time spent in segregation. *See Bryan,* 88 F.3d at 433; *Terrell v. Godinez,* 966 F.Supp. 679, 682 (N.D.Ill.1997).

In the present case, Evans has simply alleged that he spent 218 days in segregation. Evans has not alleged that the conditions in segregation were atypically or significantly harsher than the conditions imposed on the prison's general population. Further, there are no other allegations from which the court can infer that such a discrepancy existed. Evans' allegations that he was forced to go to visits in cuffs and chains, was subjected to racial abuse, had bodily fluid thrown on him, and suffered mental stress that forced him to attempt suicide do not establish that the conditions were significantly more harsh in segregation than in the general prison population.

■ Similarly, Evans' allegations that he missed a transfer to Illinois River Correctional Center, was put with the general population even though he was listed on protective custody, and was placed on a gallery with no one of the same race as him do not establish that the conditions imposed in segregation were atypical or significantly harsher. Further, as case law establishes, no inmate has a protected liberty interest in being confined in a specific prison or even a specific part of a certain prison. *See Sandin v. Conner,* 515 U.S. 472, 483–85, 115 S.Ct. 2293, 2299–2301, 132 L.Ed.2d 418 (1995); *Babcock*

*v. White,* 102 F.3d 267, 274 (7th Cir.1996); *Higgason v. Farley,* 83 F.3d 807, 809 (7th Cir.1996); *Smith v. Shettle,* 946 F.2d 1250, 1252 (7th Cir.1991); *Williams v. Faulkner,* 837 F.2d 304, 308 (7th Cir.1988).

Finally, none of the alleged harms catalogued by Evans are in and of themselves a protected liberty interest. There is no indication that any of these harms either (1) exceeded Evans' sentence in such an unexpected manner that it gives rise to the Due Process Clause protection of its own force or (2) imposed an atypical and significant hardship on Evans in relation to the ordinary incidents of prison life. *Sandin,* 515 U.S. at 484, 115 S.Ct. at 2300. Evans' "catalogue of harms [does not] exceed[ ] what one could expect from prison life generally." *Williams v. Ramos,* 71 F.3d 1246, 1249 (7th Cir.1995).

Thus, the court finds that Evans has not sufficiently pled that his placement into segregation constituted a deprivation of a protected liberty interest. However, because Evans may be able to amend his complaint by adding specific allegations that would show that his placement into segregation imposed atypical and significant hardship on him in relation to the ordinary incidents of prison life, the court dismisses without prejudice Evans' complaint.

**2. Whether Evans was deprived of the protections of due process**

In addition to alleging that he had a projected liberty interest, Evans must allege that he was deprived of that liberty interest without due process of law. There are two distinct allegations which Evans might argue violated the protections afforded him under due process. These are: (1) that Hunt lied about where the contraband was found and (2) that Allen violated Evans' right to call witnesses at his disciplinary hearing.

**a. Hunt's alleged lie about where the contraband was found**

■ Evans might be alleging that Hunt violated his right to due process by lying about where the contraband was found. However, the filing of false charges alone does not state a claim for violation of an inmate's right to due process. *See Black v.*

*Lane,* 22 F.3d 1395, 1402 (7th Cir.1994); *see also Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir.1989). Evans simply alleges that Hunt lied about where the contraband was found. Evans does not allege that Hunt lied in retaliation against Evans for having exercised some constitutional right. *See Black,* 22 F.3d at 1402. Further, Evans does not allege that Allen or anyone else involved in disciplining Evans knew that the charges were false. From the complaint, it appears that Evans was provided a hearing and the opportunity to rebut the charges against him. Thus, the fact that Hunt allegedly lied about where the contraband was found, standing alone, does not give rise to a claim for violation of Evans' right to due process.

Based on the above, the court finds that Evans' complaint does not state a section 1983 claim insofar as it is based only on Hunt's alleged lie. However, in deference to Evans as a pro se litigant, the court will grant Evans leave to amend his complaint in case he can state sufficient facts that would give rise to a due process claim based on Hunt's conduct. Therefore, the court dismisses without prejudice Evans' section 1983 claim insofar as the claim is based only on Hunt's alleged lie.

**b. The alleged violation of Evans' due process right to call witnesses**

■ Evans might also be alleging that his due process rights were violated at his disciplinary hearing. The Due Process Clause of the Fourteenth Amendment requires that a prisoner be afforded certain minimum procedures in his disciplinary hearing. *Black,* 22 F.3d at 1402. A prisoner facing a disciplinary hearing is entitled to (1) written notice of the charge against him at least twenty-four hours prior to the hearing; (2) the right to call witnesses and to present documentary evidence, when to do so will not unduly jeopardize institutional safety or correctional goals; (3) a written statement of reasons for the disciplinary action taken; and (4) the right to appear in person before an impartial hearing body. *Wolff v. McDonnell,* 418 U.S. 539, 556–57, 94 S.Ct. 2963, 2974–75, 41 L.Ed.2d 935 (1974); *Black,* 22 F.3d at 1402 n.9. Further, the Due Process Clause also requires that the disciplinary decision be supported by some evidence. *Black,* 22 F.3d at 1402.

The complaint alleges that Allen refused to call Evans' witnesses at meeting between Allen and Evans. Essentially, it appears that Evans is arguing that his procedural due process rights were violated because Evans was not permitted to call witnesses at his disciplinary hearing. Defendants contend that Evans fails to state a cause of action as to denial of his request to call witnesses at his disciplinary hearing because Evans made no allegations that the request for witnesses was made in advance of the hearing. (Memorandum in Support of Defendants Motion to Dismiss (hereinafter "Defs.' Memo.") at 4.)

■ The right of an inmate to call a witness at his disciplinary hearing is qualified. *Sweeney v. Parke,* 113 F.3d 716, 720 (7th Cir.1997). The Seventh Circuit has made it clear that the right of an inmate to call witnesses does not entitle a prisoner to wait until the day of his hearing to request to call witnesses. *Id.* at 710–20. Specifically, the Seventh Circuit has stated:

> Prison officials need leeway in operating their institutions in an orderly fashion. An inmate's day-of-hearing request to call witnesses may be a delay tactic ...; it may raise the level of confrontations between the prison staff and the inmate and thereby undermine prison officials' authority; and it may disrupt the institution's disciplinary process and hinder its rehabilitative function. These risks are inherent in day-of-hearing requests, and prison officials are justified in summarily denying such requests.

*Id.* at 720.

In the present case, the only point at which Evans alleges that he requested for witnesses to be called was on the day of his meeting with Allen. He does not allege that he requested to call witnesses before that time. Further, it is not clear whether this meeting constituted Evans' disciplinary hearing. However, even if the meeting was Evans' disciplinary hearing, the law of this circuit is that Allen was justified in summarily denying Evans' "day-of-hearing" witness request. *Sweeney,* 113 F.3d at 719–20; *Miller v. Duckworth,* 963 F.2d 1002, 1004 n. 2 (7th Cir.1992). Therefore, the court dismisses Evans' complaint insofar as it is based on the

alleged violation of his right to call witnesses at his disciplinary hearing. However, because Evans may be able to amend his complaint to state a cause of action for violation of his due process right to call witnesses, the court dismisses this claim without prejudice.

### D. Qualified Immunity

Defendants also argue that the complaint should be dismissed because they are entitled to qualified immunity. However, because the court has already dismissed the complaint on other grounds, it declines to reach the merits of this defense.

### E. Available relief

#### 1. Moot claims

■■ Evans has alleged that as a result of the defendants' actions, Evans missed a transfer to Illinois River Correctional Center. Part of the relief that Evans requests is for a transfer to Illinois River Correctional Center and for the court to prevent any of the officers or other employees at Stateville from retaliating against Evans.

"Article III of the Constitution limits judicial power of the United States to the resolution of 'cases' and 'controversies.'" *Doe v. County of Montgomery, Ill.*, 41 F.3d 1156, 1158 (7th Cir.1994). If an action becomes moot, a case or controversy no longer exists and the court therefore lacks jurisdiction to decide the dispute. Generally speaking, "[a] case becomes moot when the dispute between the parties no longer rages," *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir.1994), or, stated differently, "when the issues presented are no longer live." *In re Establishment Inspection of Caterpillar Inc.*, 55 F.3d 334, 336 (7th Cir.1995).

■■ In a letter dated May 8, 1997, Evans informed the court that on May 7, 1997, he was transferred to the Illinois River Correctional Center.[3] Evans' transfer from Stateville to Illinois River renders his claims for injunctive belief moot unless he can demonstrate that he is likely to be transferred back to Stateville. *Higgason v. Farley*, 83 F.3d

807, 811 (7th Cir.1996); *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir.1988). There is no indication either in Evans' letter or elsewhere in the record that Evans is likely to be transferred back to Stateville. Therefore, Evans claims for injunctive relief are moot and the court dismisses Evans' complaint with prejudice as to those claims for relief.

#### 2. Limitation on recovery for mental and emotional injuries

■■ In his complaint, Evans requests $50,000 for the mental injuries he suffered and $50,000 for the abuse to which he was subjected. Defendants contend that Evans has failed to allege physical injury which is a prerequisite for bringing an action for mental or emotional distress pursuant to 42 U.S.C. § 1997e(e). Section 1997e(e) provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

Evans has not alleged that he has suffered any physical injury. In fact, the only alleged physical contact which Evans alleges is that he had "bodily fluids thrown on [him]." This is insufficient to satisfy § 1997e(e). Thus, the court finds that Evans is precluded from recovering for his claims of mental and emotional injury pursuant to section 1997e(e) unless Evans can show that he suffered a prior physical injury. Evans' claims for relief based on his mental and emotional injuries are dismissed without prejudice, giving Evans leave to amend his complaint if he can allege prior physical injury pursuant to section 1997e(e).

### III. CONCLUSION

For the above reasons, the court grants defendants Melvin Allen and Bradley Hunt's motion to dismiss plaintiff Chad Evans' complaint. Evans' complaint is dismissed with prejudice as to Evans' claims for injunctive

---

**3.** When determining whether the court has jurisdiction, the court may look beyond the allegations of the complaint and view whatever evidence has been submitted. *See Schaefer v.*

*Transportation Media, Inc.*, 859 F.2d 1251, 1253 (7th Cir.1988); *Roman v. United States Postal Serv.* 821 F.2d 382, 385 (7th Cir.1987).

relief and without prejudice to all other claims. Specifically, the court orders that:

1. Evans' claims for injunctive relief are dismissed with prejudice.

2. Evans' claims other than for injunctive relief are dismissed without prejudice.

3. Evans is given until November 21, 1997 to amend his complaint to state a claim for relief under 42 U.S.C. § 1983. Specifically, in order to state a cause of action for violation of his Fourteenth Amendment right to due process, Evans must sufficiently allege that (1) he had a protected liberty interest in that the punishment imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life and (2) defendants deprived him of that protected liberty interest without providing him due process of law.

4. If Evans intends to state a claim, for violation of another federal right, Evans must provide the court with more specific information as to the right which he believes was violated.

5. If Evans elects to file an amended complaint, he must allege a prior physical injury in order to recover for his alleged emotional or mental injuries.

6. If Evans elects to file an amended complaint, Evans must specifically allege that he has fully and completely exhausted all administrative remedies available to him before filing the complaint.

7. Defendants are given until December 5 1997, to answer or otherwise plead.