**Kenneth E. ORUM, Plaintiff,**

v.

**William HAINES, Warden, Defendant.**

**No. 2:98–CV–98.**

United States District Court,
N.D. West Virginia.

Sept. 21, 1999.

728

Kenneth E. Orum, Huttonsville, WV, pro se.

Charles Houdyschell, Asst. Atty. General, Charleston, WV, for defendant.

## ORDER

MAXWELL, District Judge.

Plaintiff, a state prisoner proceeding *pro se* in the above-styled civil action, has filed an action to pursue his remedies in this Court pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed without full payment of fees pursuant to 28 U.S.C. § 1915, as amended April 26, 1996, was approved by this Court by Order entered October 27, 1998. By Order entered June 4, 1999, the Clerk was directed to issue process in this case. On June 15, 1999, Defendant, pursuant to Rule 12(b)(6), of the Federal Rules of Civil Procedure, filed a Motion to Dismiss, with supporting memorandum of points and authority. By Order entered June 16, 1999, the Court ordered Plaintiff to respond to the Motion to Dismiss by June 30, 1999, and a hearing was set for July 9, 1999. Plaintiff filed a response. Upon motion of the Defendant the hearing was continued to July 15, 1999, and upon motion of the Plaintiff the hearing was continued to September 15, 1999. On September 15, 1999 the Parties appeared before the Court, the Plaintiff in person *pro se* and the Defendant by counsel, Charles Houdyschell Jr., Assistant Attorney General. Whereupon the parties proceeded to argue their respective positions, and the Court makes the following conclusions:

The Petitioner claims that this action does not seek to challenge the fact of his incarceration, but seeks damages for the emotional distress that he expresses which resulted from his name being wrongfully printed in the Wheeling newspaper, as having died in a fire. Defendant Haines, in part, suggests that this case appears to actually attack the fact of his incarceration and not the conditions of confinement. An action under 28 U.S.C. § 2254 is a proper means by which a person in custody, pursuant to a judgment of a state court may assert, that he is in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). "The sole purpose of 28 U.S.C. § 2254 is to challenge continued confinement pursuant to state convictions." *Hilgeford v. Peoples Bank Inc., Portland Indiana* 652 F.Supp. 230 (N.D.In.1986), citing *Preiser v. Rodriguez* 411 U.S. 475,

93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The Plaintiffs' claim under 42 U.S.C. § 1983 is not a proper vehicle to challenge his conviction. *Generally Id.* Consequently, continued jurisdiction by the Court over such a proceeding would not be proper.

Additionally, assuming this proceeding were a proceeding under 28 U.S.C. § 2254, the Plaintiff has failed to demonstrate that he has exhausted his State Court remedies relative to the relief that he seeks, as required in 28 U.S.C. § 2254(b)(1)(A). Likewise the Plaintiff has made no demonstration of either exception in 28 U.S.C. § 2254(b)(1)(B). Assuming the relief sought in the Complaint was properly brought under 28 U.S.C. 2254, the Court should not further extend jurisdiction over this case without a demonstration that the Plaintiff has exhausted his state court remedies. *See Generally, Preiser v. Rodriguez* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

■ However, having determined that this case is an action under 42 U.S.C. § 1983, a review of the Plaintiff's Complaint indicates that Plaintiff has named the Defendant, Warden Haines, under a respondeat superior theory of liability. Liability under the doctrine of respondeat superior is not applicable to claims under 42 U.S.C. § 1983. *Monell v. Department of Social Services* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Vinnedge v. Gibbs,* 550 F.2d 926 (4th Cir. 1977). Liability may attach the conduct causing the deprivation if carried out to effectuate an official policy or custom for which the official is responsible, *Fisher v. Washington Metropolitan Area Transit Authority* 690 F.2d 1133, 1142–43 (4th Cir. 1982); or if an official actually participates or acquiesces in the violation, *Bursey v. Weatherford* 528 F.2d 483 (4th Cir.1975), *reversed* on other grounds 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); or if the official fails to supervise and control its subordinates, *Davis v. Zahradnick* 600 F.2d 458 (4th Cir.1979); or if the supervisor has knowledge of a pervasive risk of harm and "fails to take reasonable remedial steps to prevent such harm." *Orpiano v. Johnson* 632 F.2d 1096, 1101 (4th Cir. 1980).

■ Plaintiffs bear a heavy burden of proof in such supervisory liability cases. *Slakan v. Porter* 737 F.2d 368, 373 (4th Cir.1984). In the instant matter, Plaintiff alleges liability on the part of Defendant, Warden William Haines but he has alleged no conduct or knowledge on his part which would give the Plaintiff a right to bring this action against the Defendant.

Additionally, qualified immunity shields a governmental official from liability if the officer's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "In determining whether the specific right allegedly violated was 'clearly established', the proper focus is not on the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." *Pritchett v. Alford* 973 F.2d 307, 312 (4th Cir.1992). Moreover, "the manner in which . . . [the clearly established] right applies to the action of the official must also be apparent." *Maciariello v. Sumner* 973 F.2d 295, 298 (4th Cir.1992); citing *Tarantino v. Baker* 825 F.2d 772, 774–74 (4th Cir.1987).

■ As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity. *Wiley v. Doory* 14 F.3d 993 (4th Cir. 1994) quoting *Tarantino* 825 F.2d at 775. In the instant matter, there is no alleged conduct on the part of Warden Haines to evaluate. Therefore the Defendant, Warden Williams Haines is entitled to qualified immunity.

■ The Plaintiff has sued the Defendant, Warden William Haines, as warden and therefore in his official capacity.

The United States Supreme Court has ruled that "[n]either a state nor its officials acting in their official capacities are persons under Section 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Litigants are not provided a forum by Section 1983 when they seek a remedy against a state for alleged deprivation of civil liberties. "The eleventh amendment bars suits unless the state has waived its immunity..." *Id.* A suit against a state official in his official capacity is not a suit against the official, but rather is a suit against the official's office. *Id.; Brandon v. Holt*, 469 U.S. 464, 471, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). As such, a suit against an official in his or her official capacity is no different that a suit against the state. *Will* at 71, 109 S.Ct. 2304, *See e.g. Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), *Kentucky v. Graham*, 473 U.S. 159, 165–166, 105 S.Ct. 3099, 87 L.Ed.2d 114, *Monell*, 436 U.S. at 690 n. 55, 98 S.Ct. 2018. The Defendant, Warden William Haines is therefore entitled to absolute immunity in his official capacity.

The State of West Virginia is entitled to absolute immunity from this litigation by virtue of the Eleventh Amendment to the United State's Constitution and Article VI, § 35 of the West Virginia Constitution, which prohibit suits against Defendants who are agents of the State of West Virginia.

Plaintiff has shown no physical harm. Plaintiff's statements indicate that he is seeking damages for emotional distress. 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Even where there are slight physical injuries, courts have ruled that § 1997e(e) was not satisfied. *Siglar v. Hightower*, 112 F.3d 191 (1997). Similarly, the throwing of bodily fluids on an inmate or exposure to asbestos have not been sufficient to meet this bar. *Evans v. Allen*, 981 F.Supp. 1102 (N.D.Ill. 1997), and *Zehner v. Trigg*, 952 F.Supp. 1318 (S.D.Ind.1997), affirmed 133 F.3d 459. In the present case Plaintiff has not shown actual physical injury and his claims are barred under 42 U.S.C. § 1997e(e).

The Court further notes that the Plaintiff's claim arises from a wrongful reporting of his death by the Wheeling Newspaper on or about February 29, 1996 or March 1, 1996. There is no Federal Statute of Limitations for § 1983 actions. Consequently the applicable state statute of limitations governs the actions by virtue of 42 U.S.C. § 1988. In West Virginia, § 1983 actions are considered personal injury actions and utilize the two year statute of limitations. W.Va.Code 55–2–12(b). Consequently, the Court finds that the filing of this action was beyond the two year limitations period provided for such actions, and it should also be dismissed based on this reason as well.

Therefore for the foregoing reasons the Defendant's Motion to Dismiss is GRANTED and this case is dismissed with prejudice and ORDERED stricken from the Docket of this Court.